Speak, J.
The question, and the only one brought to this court, is as to the exemption claimed by the defendant and allowed by the courts below. Is the statute allowing it constitutional ?
The Royal Arcanum is such a society or association as is defined by the act of April 27, 1896, 92 O. L., 360 (sections 3631-11 to 23, Revised Statutes, being a part of the general laws relating to life insurance companies), and having complied with the requirements of said act, is entitled to conduct its business in the state. It is a fraternal beneficiary association, organized and carried on for the sole benefit of its members and their beneficiaries. The section providing exemption is as follows: “The money or other benefit, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under this act, shall not be liable to attachment by any trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable-process ; or by operation of law,to pay any debt or liability of a certificate holder, or of any beneficiary named in the certificate, or any person who may have any rights thereunder.”
In support of the contention that the attempted exemption is invalid, three propositions are advanced: First, that the debt due from the defendant to the plaintiff is property which, by the constitution, he has an inalienable right to acquire, possess and protect, and the section quoted, if operative, takes the property of the creditor and transfers it to the debtor. Second, that the act unlawfully discriminates in favor *503 of certificate holders in these associations, or their beneficiaries, giving to them advantages and privileges which are not accorded to holders of certificates or policies of other associations of a similar character, viz.: ordinary life companies, and other beneficial associations; and third, that the section unlawfully discriminates in favor of these fraternal associations by permitting them to offer advantages to members denied to ordinary life companies and to associations not organized under this act.
1. The debt, it is true, is in a sense property. But the realization of advantage from the debt, when not accorded voluntarily by the debtor, depends upon the will of the law-making power. It may provide adequate laws for the full collection of debts, or it may omit to do so; it has power, within limits of the constitution, to declare what property shall be exempt from the force of the collection laws, and when that power has been lawfully exercised, the effect is to make the law a part of subsequently executed contracts. In the present case it does not appear that the debt was incurred prior to the passage of the act recited. This point, therefore, seems not well taken.
2. Does the section unlawfully discriminate in favor of certificate holders or their beneficiaries? It may conduce to clearness of understanding to recur to the ground on which the exemption of property from execution is sustained. Generally, if not universally, legislation of this character is based upon the ground of an enlightened public policy, as tending to preserve the family home, thus fostering the family relation, and in that way promoting the general welfare. This is done by exempting within reasonable limits, the homestead of the head of a family, and, in a similar way, certain articles of personal property *504 necessary- to the use and enjoyment of such homestead; and even, in some instances, money in a limited amount, arising from the sale of property where there is no homestead. As stated before, these privileges are accorded, not as matter of favor to the individual; not for the benefit of the impecunious only, but apply to all alike who are of the classes and in the situation included, and are justified by considerations of the general good. So, in some instances, are the tools of workmen exempt; this on the ground that to take away his implements of labor is to take away his capacity to maintain himself and those dependent upon him, and thus tend to make them a burden upon society. This does not imply that the exemption is granted to the person as a favor; it imports the exact opposite. Such acts, when based upon proper classification, have been sustained on the ground above indicated, but acts which seek to select particular persons, supposedly needy and deserving, and make, in form of exemptions, donations to them, have generally not been sustained, and clearly ought not to be, for there is no power in a law-making body to bestow mere charity where it works a practical denial of justice to creditors. Such selection is open to the objection that it is the attempted exercise of purely personal and arbitrary power; it undertakes to arbitrarily separate some persons from others upon which, but for such limitation, the act would operate, and thus form a class, not upon any reasonable basis of difference of characteristics, capriciously, but as matter of will and not of reason.
It is to be noticed that the sections by favor of which the Arcanum is doing business' are classified under the head of life insurance companies. This because it is understood that such associations have *505 one of the characteristics of ordinary life companies; that is, they are organized for the sole benefit of their members and beneficiaries'; they make provision for the payment of benefits in case of death, and the fund from which the payment of such benefits is to be made shall be derived from assessments, dues or other payments collected from the members. While, therefore, the Arcanum is a voluntary fraternal association, having features of a secret society, and perhaps some others not usually found in the ordinary life company, such as the payment of sick and disability, benefits, its obligation for payment of death benefits is a contract by which the association, for a consideration, promises to make a certain payment of money upon the destruction or injury of something in which the member has an interest, to-wit: his life. And whatever may be the terms of the payment of the consideration by the assured, or the mode of estimating or securing the payment of the sum in case of loss, and although the object of the insurer in making the contract is benevolent and not speculative, such a contract is a contract of insurance. May on Insurance, 4th ed., section 1; Commonwealth v. Weatherby, 105 Mass., 149.
Now the section quoted (3631-18), provides a sweeping, absolute exemption of the money or other benefit going to the certificate holder or beneficiary from seizure for any debt or liability. No such exemption is provided with respect to any ordinary life policy, nor with respect to a certificate of an association doing business on the weekly payment or industrial plan, although it must be manifest that the characteristics and condition of the people who will be benefited by one contract in no essential differs from those who may be benefited by the other. And the *506 same is true when comparison is made with other benevolent associations authorized by our statutes. It follows that the provision for exemption is an attempt to make an arbitrary classification by selecting a few of a class and conferring upon them privileges and benefits not conferred upon others coming within the same class, and is, therefore, invalid. The vice lying at the bottom of the whole scheme is that the exemption is made to depend, not upon the condition or characteristics of the recipient of the benefit, but upon the source from which the benefit is to be derived. It discriminates unequally in favor of one set of beneficiaries as compared with persons receiving money from other sources; thus favoring some beneficiaries as compared with other like beneficiaries, and at the same time, and by the same provision, denying that relief to some creditors, which, by other enactments, is accorded to others of like kind. In a word, the section fails to protect equally those who are the recipients of property, and fails to protect equally those who have the right to resort to the laws for the enforcement of claims against property, and is, therefore, in conflict with section 1, article 2, of the constitution. Coal Co. v. Rosser, 53 Ohio St., 12; State v. Ferris, 53 Ohio St., 314.
3. If the conclusion stated in' the preceding paragraph is correct, it follows inevitably that the section under review not only discriminates unreasonably between individuals of the same class, but that it also unreasonably discriminates between corporations of the same class. It affords to these fraternal orders the privilege of offering to the public an insurance contract the proceeds of which, no matter what the amount, are wholly exempt from the debts of the member or beneficiary, while no such *507 privilege is accorded to any other organization having authority to make an insurance contract.
It is possible that other exemption statutes of this state have been sustained which bear some resemblance to the section in question, but we are not aware of any decision of this court which has upheld a statute containing the peculiar vices found in the section under review.
The judgments of the circuit court and of the common pleas will be reversed and the cause remanded to the latter court to be there further proceeded with according to law as on appeal.

Reversed.

Bbkket, Davis and Shauck, JJ., concur.
MiNSHALh, C. J., absent.